UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICARDO SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:17-cv-06691-JDE<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff Ricardo Sanchez ("Plaintiff") filed a Complaint on September 12, 2017, seeking review of the Commissioner's denial of his application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute. The matter now is ready for decision.

**I.**

**BACKGROUND**

Plaintiff filed an application for DIB on October 17, 2013, alleging disability commencing on August 1, 2012. Administrative Record ("AR") 180-81. After his application was denied initially and on reconsideration (AR 96,

112), Plaintiff requested an administrative hearing (AR 128-29), which was held on March 31, 2016. AR 37-81. Plaintiff, represented by an attorney, appeared and testified before an Administrative Law Judge ("ALJ"). AR 41-65.

On June 7, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 22-32. The ALJ found Plaintiff had not engaged in substantial gainful employment since August 1, 2012, and suffered from the severe impairments of osteoarthritis, obesity, and depression. AR 24. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 25-. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform light work, except for:

> [A]ny work involving any overhead reaching with the right upper extremity or more than frequent reaching otherwise with the right upper extremity; any work involving more than occasional climbing ramps and stairs; any work involving more than occasional balancing, stooping, kneeling, crouching[,] or crawling; any work involving climbing ladders, ropes[,] or scaffolds; any work involving concentrated exposure to unprotected heights, moving mechanical parts, extreme cold, or vibrations; any work involving more than simple routine[,] and repetitive tasks but not at a production rate pace; and any work involving more than occasional/incidental contact with coworkers, supervisors, or the general public.

AR 26.

The ALJ determined Plaintiff was unable to perform his past relevant work as a landscape gardener, warehouse worker, and driver/paver. AR 31. Considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded he was capable of performing jobs that exist in significant numbers in the national economy, including: sales attendant (Dictionary of

Occupational Titles ["DOT"] 299.677-010); laundry sorter (DOT 361.687-014); and routing clerk (DOT 222.587-038). AR 31-32. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act ("SSA"), from the alleged onset date through the date of the decision. AR 32.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This action followed.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even when an ALJ errs, the Court will uphold the decision where that error is harmless. Id. at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he

4

"actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

The parties present one disputed issue: Whether the ALJ properly considered the treating psychiatrist opinion of Dr. Karl Bandyan. Jt. Stip. at 4.

### A. The Evaluation of Dr. Bandyan's Opinion in Fashioning the RFC

1. Applicable Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the

5

medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. § 416.902. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id.

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r, Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164 (citation omitted). "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

2. Analysis

Plaintiff argues the ALJ did not properly consider the opinion of Dr. Bandyan.

On March 1, 2016, Dr. Bandyan completed a "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" ("Medical Source Statement"). AR 632-37. He stated he first examined Plaintiff on May 30, 2014, saw him once per month, and most recently examined him on

6

January 28, 2016. AR 634. He opined that Plaintiff had moderate limitations in his ability to: (1) understand and remember short, simple instructions; (2) carry out short, simple instructions; (3) understand, remember, and carry out detailed instructions; (4) make judgments on simple work-related decisions; (5) make judgments on complex work-related decisions; (6) interact appropriately with the public; (7) interact appropriately with supervisors; (8) interact appropriately with co-workers; (9) sustain an ordinary routine without special supervision; and (10) respond appropriately to change in a routine work setting. AR 632-33. Dr. Bandyan also opinioned that Plaintiff was <u>markedly</u> limited in his ability to maintain attendance and punctuality during a workday and workweek, and he was <u>extremely</u> limited in his ability to perform at a consistent pace without more than regular breaks in a workday. AR 633. Dr. Bandyan further opined that additional capabilities were affected by his mental impairment, including his concentration and motivation, noting that he has difficulty maintaining focus and a depressed mood. <u>Id.</u>

Dr. Bandyan supported each assessments with handwritten notes. AR 632-33. He also attached an "Evaluation Form for Mental Disorders" diagnosing Plaintiff with "major depressive disorder – severe with psychotic features," and concluding Plaintiff's prognosis is guarded due to his depression and physical limitations. AR 637. Dr. Bandyan concluded Plaintiff's condition greatly impaired his ability to work and adapt to work-like situations. AR 636.

The ALJ provided a two-sentence summary of Dr. Bandyan's assessment, and assigned it only partial weight because: (1) Dr. Bandyan "lacks program knowledge"; (2) it was not consistent with Plaintiff's conservative treatment; and (3) it was not consistent with the "record as a whole," including progress notes. AR 29.

Having carefully reviewed the record, the Court finds that the ALJ's evaluation of Dr. Bandyan's opinion is not legally sufficient.

In reaching conclusions based upon medical evidence, an ALJ must discuss significant and probative medical evidence and, if rejected or discounted, explain why such evidence is rejected or discounted. See Robbins, 466 F.3d at 883; Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (finding ALJ must discuss significant and probative evidence and explain why it was rejected); Brown-Hunter, 806 F.3d at 492 (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); Alvarez v. Astrue, 2012 WL 282110, at *3 (C.D. Cal. Jan. 26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.").

First, the ALJ improperly rejected Dr. Bandyan's opinion because he "lacks program knowledge."[1] AR 29. The ALJ failed to offer any explanation as to what "program knowledge" he was referring to and why it makes a difference. The Court assumes the ALJ relied on administrative regulations stating, in considering a medical opinion, the ALJ may consider "the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has . . . ." C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). But the ALJ never referenced these regulations, or explained how he determined Dr. Bandyan lacked knowledge of the SSA's disability program. The evidence is to the contrary. The Medical Source Statement completed by Dr. Bandyan cited Social Security Ruling ("SSR") 96-8p and provided definitions of terms, including what it means to do work-related

---

[1] The Commissioner does not acknowledge or respond to Plaintiff's argument that this reason was improper. Jt. Stip. at 10, 12-18; See Kinley v. Astrue, 2013 WL 494122, at *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response.").

8

activities on a "sustained basis." (Compare AR 632 ("'Sustained basis' means the ability to perform work-related activities eight hours a day for five days a week, or an equivalent work schedule.") with Lobato v. Colvin, 2014 WL 12558854, at *6 (C.D. Cal. July 18, 2014) (SSR 96-8p defines RFC as the ability to perform "sustained work-related physical and mental activities in a work setting on a regular and continuing basis," which means "8 hours a day, for five days a week, or an equivalent work schedule"). There is no indication Dr. Bandyan misunderstood this or any other terms defined in the opinion. Finally, the ALJ failed to explain how a lack of knowledge regarding the SSA disability Act would have any bearing on Dr. Bandyan's ability to assess the limitations of a patient he saw and treated on a monthly basis for years. Accordingly, this reason is not sufficiently specific. See Carmickle, 533 F.3d at 1164; McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (decision must "specify why the ALJ felt the treating physician's opinion was flawed").

Second, the record does not support the ALJ's finding that Plaintiff's treatment was conservative as a basis for rejecting Dr. Bandyan's opinion. AR 29. Dr. Bandyan noted Plaintiff's medication regime includes the prescription psychotropic medications of Trazadone and Bupropion. AR 637. He also described Plaintiff's outpatient mental health treatment. AR 634. Further, as mentioned, Dr. Bandyan indicated in his opinion he saw Plaintiff monthly. Id. In the context of mental health disorders, courts have held treatment similar to Plaintiff's not conservative. See Johnson, 60 F.3d at 1432 ("'Conservative treatment' has been characterized by the Ninth Circuit as, for example, 'treat[ment] with an over-the-counter pain medication.'") (quoting Parra, 481 F.3d at 751 (emphasis added)); Faber v. Berryhill, 2017 WL 6761936, at *10 (S.D. Cal. Dec. 29, 2017) (prescribed medication, including antidepressants Trazodone and Bupropion, not conservative); Childress v. Colvin, 2015 WL 2380872, at *14 (C.D. Cal. May 18, 2015) (multiple years of talk therapy and

antidepressants such as Trazodone and other prescription medication is not conservative treatment); Mason v. Colvin, 2013 WL 5278932, at *6 (E.D. Cal. Sep. 18, 2013) (treatment was not conservative where plaintiff took prescription antidepressants and antipsychotic medication for almost two years and received counseling from a psychiatrist and psychiatric social worker); see also Baker v. Astrue, 2010 WL 682263, at *1 (C.D. Cal. Feb. 24, 2010) ("Where mental activity is involved, administering medications that can alter behavior shows anything but conservative treatment."). Moreover, ALJ's notation that Plaintiff had not been hospitalized is not dispositive of Plaintiff's claim. AR 29; See Jhawar v. Comm'r Soc. Sec., 2013 WL 6670553, at *5 (E.D. Cal. Dec. 18, 2013) (claimant correctly pointed out that psychiatric hospitalization "is not required to establish that a [claimant] has mental limitations or for a doctor's opinion to be credited").

Having determined that the ALJ improperly relied on the first two factors, the only remaining reason is the inconsistency with the objective medical evidence, including progress notes. AR 29. This reason, without more, is insufficient. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."); McAllister, 888 F.2d at 602 (ALJ's rejection of treating physician's opinion on ground that it was contrary to clinical findings in record was "broad and vague"); Baltazar v. Astrue, 2012 WL 2319263, at *6 (C.D. Cal. June 19, 2012) ("The ALJ's assertion that the prophylactic limitations imposed by [a doctor] are not supported by the record does not reach the level of specificity required to reject the opinion of a treating physician."); Vaughn v. Comm'r Soc. Sec. Admin., 2012 WL 28561, *5 (D. Or. Jan. 4, 2012) ("[T]he general reference to

inconsistency with the medical evidence of record is not a specific reason [to reject a treating physician's opinion]. It is simply too vague to allow meaningful review."); Schulz v. Astrue, 849 F. Supp. 2d 1049, 1052 (W.D. Wash. 2011) ("To simply say a medical opinion is not supported by the medical evidence is a conclusory statement and not an adequate reason to reject the opinion.").

Dr. Bandyan's assessed limitations were significant and probative, and the ALJ erred in not expressly considering those limitations and, if rejecting them, not explaining the basis for rejecting the limitations. Further, it is unclear whether the error was harmless. The hypothetical questions posed to the vocational expert ("VE") do not appear to contain all of the limitations assessed by Dr. Bandyan. Moreover, the VE stated she did not understand the hypothetical Plaintiff argues is evidence the error was not harmless (AR 75; Jt. Stip. at 12), and the ALJ noted the difficulty in converting psychiatric metrics into vocational terms in presentation of the hypothetical. AR 75. Although the ALJ took "a stab at it" by trying to convert limitations into a time periods Plaintiff would be off task, it is unclear whether the ultimate hypotheticals reflected all of Dr. Bandyan's assessed limitations and thus had sufficient evidentiary value to determine this case without remand. See, e.g., Devery v. Colvin, 2016 WL 3452487, at *5 (C.D. Cal. June 22, 2016) (court could not determine harmlessness of ALJ's failure to discuss reasons she rejected limitations because VE did not testify that a hypothetical person with those limitations could work); Dunlap v. Astrue, 2011 WL 1135357, at *6 (E.D. Cal. Mar. 25, 2011) (court could not determine harmlessness of error because it was unable to "determine how the VE would have responded if he had been given a hypothetical containing [examining physician]'s actual opinion."). As the Court lacks sufficient information to determine the error was inconsequential to the disability determination, the Court cannot find the error harmless.

## B. Remand is appropriate.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

Here, the Court concludes remand to the Commissioner for further administrative proceedings is warranted. On remand, the ALJ shall consider the opinions and assessed limitations of Dr. Bandyan, make appropriate findings regarding those opinions and assessed limitations, reassess Plaintiff's RFC in light of those opinions and limitations, if warranted, and then, with the assistance of a VE, proceed through step four and step five of the sequential evaluation, if necessary.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: November 06, 2018

_____
JOHN D. EARLY
United States Magistrate Judge